**UNITED STARS INDUSTRIES, INC., Plaintiff–Appellee,**

v.

**PLASTECH ENGINEERED PRODUCTS, INC., Defendant–Appellant.**

**Jones Day, Appellant.**

**Nos. 07–2919, 07–3052, 07–3106, 07–3107.**

United States Court of Appeals, Seventh Circuit.

May 28, 2008.

Matthew B. Burke, Diane R. Sabol, Mayer Brown, Chicago, IL, Nancy B. Johnson, Brennan, Steil & Basting, Janesville, WI, for Plaintiffs/Appellees.

Brian J. Murray, Chicago, IL, Victor A. Arana, Thompson & Knight, Austin, TX, for Defendants/Appellants.

Before FRANK H. EASTERBROOK, Chief Judge, WILLIAM J. BAUER, Circuit Judge, and TERENCE T. EVANS, Circuit Judge.

### Order

Jones Day has asked for clarification, but the motion is in substance one for rehearing. The district court ordered Jones Day to pay sanctions to plaintiffs, and we affirmed. Jones Day believes that the sanctions should be paid to the clerk of court. Doing that would require a modification of the judgment as well as of our opinion.

Fed.R.Civ.P. 11(c)(4) says that a court may order sanctions to be paid to a litigant, rather than the clerk, "if imposed on motion". Sanctions imposed by the judge under Rule 11(c)(3) usually are not imposed "on motion" and therefore must be paid to the clerk. But in this case there was a motion by the party opponent. Although this court thought that Rule 11(c)(3) was a better ground than 28 U.S.C. § 1927, that does not detract from the fact that a motion was made and granted. So Rule 11(c)(4) does not require payment to the clerk of court, and the petition for rehearing is denied.